UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARVON PAYNE, | No. C 12-2872 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BARRY NEWMAN; et al., | |
| Defendants. / | |

This action was opened when the court received from plaintiff a "motion for extension of time and/or tolled time." (Docket # 1.) Plaintiff states that, in April 2012, the Contra Costa County Superior Court ruled in favor of the defendants in a case he had filed against them in that court. According to plaintiff, after the adverse ruling in the superior court, he "then had 30 days to take [his] civil complaint to the next level" but was put in administrative segregation and deprived of his paperwork that would have enabled him to demonstrate to prison officials that he had a filing deadline. *Id.* at 1.

It appears that plaintiff has filed in the wrong court, and incorrectly believes that an appeal from the adverse decision in the Contra Costa County Superior Court should be filed in this court. An appeal from an adverse decision from the Contra Costa County Superior Court should be filed in the California First District Court of Appeal, 350 McAllister Street, San Francisco, CA 94102. Plaintiff is cautioned to act swiftly to correct his mistake and send his filings to the California First District Court of Appeal.

1    This action is dismissed because a federal district court is a court of original jurisdiction
2 and does not have appellate jurisdiction over a decision from a state superior court. *See District
3 of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust
4 Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over
5 state courts). The *Rooker-Feldman* doctrine essentially bars federal district courts "from
6 exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court
7 judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Petitioner is trying
8 to appeal the state court decision, so this action must be dismissed for lack of subject matter
9 jurisdiction.

10   Plaintiff's motion for extension of time and/or tolled time is DENIED because this court
11 lacks authority to grant extensions of deadlines in other courts. (Docket # 1.)

12   In the unlikely event plaintiff is seeking an extension of time to file a new civil action in
13 federal court, his motion must be denied because the court does not grant extensions of time for
14 unfiled complaints. A plaintiff who believes he is late may file his complaint and need not
15 explain his lateness until required by a court order or in opposition to a motion from the
16 defendants. There also is a jurisdictional problem with requesting an extension of time for an
17 unfiled complaint: a motion to extend a deadline for an unfiled complaint does not confer subject
18 matter jurisdiction over the action.

19   This action is DISMISSED for lack of jurisdiction. The clerk shall close the file.

20   IT IS SO ORDERED.

21 Dated: June 6, 2012

_____
SUSAN ILLSTON
United States District Judge